**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**vs.**                                                   **CR No. 19-4184 KG**

**SAVANNAH PADILLA,**

       **Defendant.**

**<u>MOTION FOR BILL OF PARTICULARS</u>**

COMES NOW, the Defendant, Savannah Padilla, by and through her attorneys of record, Assistant Federal Public Defenders, James N. Langell and Stephanie L. Wolf, and pursuant to the Sixth Amendment to the United States Constitution and Federal Rule of Criminal Procedure 7(f), respectfully moves the Court for an order requiring the government to file a bill of particulars with respect to the indictment.

As grounds for this motion, Ms. Padilla states:

The indictment charges Ms. Padilla with conspiracy to commit carjacking, in violation of 18 U.S.C. § 371; carjacking and aiding and abetting, in violation of 18 U.S.C. § 2119(1) and 2; and using, carrying, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 on September 7-8, 2018, in Grant County, New Mexico. (Doc. 3.)

The indictment charges the co-defendant in this matter, Daniel Hernandez, with: (1) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 on September 6, 2018; (2) felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 on September 7, 2018; (3) theft of a firearm, in violation of 18 U.S.C. § 924(l) on September

7, 2018; (4) possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924 on September 7, 2018; (5) carjacking, in violation of 18 U.S.C. § 2119(1) on September 7, 2018; (6) using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) on September 7, 2018; (7) conspiracy to commit carjacking, in violation of 18 U.S.C. § 371 on September 7-8, 2018; (8) carjacking and aiding and abetting, in violation of 18 U.S.C. § 2119(1) and 2 on September 7-8, 2018; (9) using, carrying, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 on September 7-8, 2018; and (10) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 on September 9, 2018, all in Grant County. (Doc. 3.)

The government alleges that on September 7, 2018, after K.J. picked up Mr. Hernandez and Ms. Padilla, Mr. Hernandez pulled a firearm on K.J. while Mr. Hernandez and Ms. Padilla demanded money from K.J. (Doc. 3.) According to the government, Mr. Hernandez and Ms. Padilla took turns brandishing a firearm at K.J. while they searched K.J.'s vehicle for items of value and, after K.J. fled from his vehicle, Mr. Hernandez and Ms. Padilla drove the vehicle around Silver City, New Mexico. (Doc. 3.)

All counts are currently joined for trial on the October 2020 trailing docket.

## II.   Argument

An accused person has the constitutional right "to be informed of the nature and cause of the accusation" against her. U.S. Const. amend. VI. Rule 7(c)(1) of the Federal Rules of Criminal Procedure protects this right by requiring the government to obtain an indictment against an accused that contains "a plain, concise, and definite written statement of the essential facts

constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment meets this standard "if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997) (internal quotation marks omitted)).

If the government does not meet its obligation obtain to an indictment that satisfies these three requirements, an accused may file a motion for a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure. *See United States v. Doe*, 572 F.3d 1162, 1173-74 (10th Cir. 2009); *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008).

Rule 7(f) provides:

> Bill of Particulars. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).

The purpose of a bill of particulars "is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (internal quotation marks omitted). A criminal defendant is entitled to fair notice of the prosecution's theory of the case. *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) "And in that sense, a bill of particulars is primarily

a mechanism to sharpen an indictment so that it can meet the requirements of Rule 7(c)(1)." *United States v. Boutte*, No. 17-CR-03338-JMC, 2018 WL 3999566, *22 (D. N.M. Aug. 21, 2018).

Factors that courts have typically considered in determining whether to order a bill of particulars include the complexity of the charged offenses and the clarity of the indictment. *United States v. Walker*, 922 F. Supp. 732, 739 (N.D. N.Y. 1996) (citations omitted). Importantly, the trial court maintains very "broad discretion" to determine whether a bill of particulars is necessary to aid the defendant in preparing a defense. *Dunn*, 841 F.2d at 1029; *Levine*, 983 F.2d at 166. *See also United States v. Wright*, 826 F.2d 938, 942 (10th Cir. 1987); *Will v. United States*, 389 U.S. 90, 99 (1967). However, "if the competing interests of the defense and the government are closely balanced, the interests of the defendant in disclosure must prevail." *United States v. Rogers*, 617 F. Supp. 1024, 1027-28 (D. Colo. 1985).

In this case, due to the lack of specificity demonstrated by the indictment, Ms. Padilla is unable to determine the specific allegations that are asserted against her, defeating the purpose of an indictment. The indictment does not put Ms. Padilla on fair notice of the charges against which she must defend. Consequently, Ms. Padilla is not able to properly prepare for trial and defend against the charges in the indictment without the government providing more specific information in the form of a bill of particulars. In order to formulate his theory of defense and prepare for trial, it is critical for Ms. Padilla to properly challenge the government's allegations against her. This

cannot be accomplished without a bill of particulars. Ms. Padilla requires additional information in a bill of particulars to adequately investigate and prepare her defense for trial.

Ms. Padilla requests a hearing on this motion.

The government opposes this motion.

THEREFORE, for the foregoing reasons, Ms. Padilla respectfully requests that the Court order the government to provide a bill of particulars, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
506 S. Main Street, Suite 400
Las Cruces, New Mexico 88001
(575) 527-6930

*Electronically filed on June 1, 2020*
By: */s/ James N. Langell*
JAMES N. LANGELL
Assistant Federal Public Defender
and
By: */s/ Stephanie L. Wolf*
STEPHANIE L. WOLF
Assistant Federal Public Defender

5